UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MARTINEZ CALDERON,

           Petitioner,

    v.

WARDEN,

           Respondent.

No.  1:26-cv-03257-DAD-CSK (HC)

ORDER GRANTING THE PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On April 28, 2026, petitioner Jose Martinez Calderon, A-File No. 085-068-708, proceeding *pro se*, filed a petition for writ of *habeas corpus* and a motion for temporary restraining order.  (Doc. Nos. 1, 2.)  On the same day, the court issued an order directing respondent to substantively distinguish this case from the circumstances addressed in several of the court's cited prior orders.  (Doc. No. 4.)  In that same order, the court indicated that if it was determined that petitioner was entitled to the relief sought in the motion for temporary restraining order, then the court would directly rule on the merits of the underlying petition, and directed respondent to state whether and why respondent would oppose such action from the court.  (*Id.*)

On April 30, 2026, respondent filed a combined opposition to the motion for temporary restraining order and motion to dismiss the petition.  (Doc. No. 6.)  Respondent's sole argument therein is that petitioner is an "applicant for admission" subject to mandatory detention pursuant

to 8 U.S.C. § 1225(b) (*id.* at 1–2), an argument that the undersigned has previously rejected on several occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389 (E.D. Cal. Feb. 12, 2026). Respondent has also indicated that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order[]" and that respondent "does not oppose the Court ruling directly on the petition." (Doc. No. 6 at 1.)

Petitioner is a native and citizen of Mexico who entered the United States in 2003 and has continuously resided in this country for over 20 years. (Doc. No. 1 at 11.) Petitioner alleges his criminal history consists only of driving without a license, a matter which he has fully resolved. (*Id.*) It is unclear when petitioner was detained by immigration officials, but in light of respondent's concession that this case is indistinguishable from the court's prior orders (Doc. No. 6 at 1) and petitioner's allegations that he has contentiously resided and maintained employment in Florida (*Id.* at ¶ 6), the court reasonably infers that ICE apprehended petitioner inside this country. There is no indication that petitioner had any previous encounters with ICE before his most recent detention.

Having considered the parties' arguments, the court adopts the reasoning set forth in *Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026) and concludes that petitioner cannot be detained pursuant to § 1225(b) but only pursuant to § 1226(a). Furthermore, as the court concluded in *Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026), and *J.P.C. v. Chestnut*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026), the appropriate remedy under the circumstances is to order petitioner's immediate release from respondent's custody.

For the reasons above,

1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

a.    Respondent is ORDERED to immediately release petitioner Jose Martinez Calderon, A-File No. 085-068-708, from respondent's custody;

/////

2

      b.     Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

2.     Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by the granting of the petition for writ of *habeas corpus*;

3.     Under the circumstances of the case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure;

4.     The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

5.     The Clerk of the Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 30, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3